

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# USA v. Cannon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Cannon" (2008). *2008 Decisions.* Paper 1198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4229

UNITED STATES OF AMERICA

v.

HAROLD CANNON
Appellant

On Appeal From the United States
District Court
For the  Eastern District of  Pennsylvania
(D.C. Crim. Action No. 05-cr-00036-1)
District Judge:  Hon. Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2008

BEFORE:  BARRY and STAPLETON, *Circuit Judges*,
and RESTANI,* *Judge*

(Opinion Filed: May 20, 2008)

*Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Harold Cannon was convicted by a jury of possession of ammunition by a convicted felon and of possession of crack cocaine and marijuana with intent to distribute. He was sentenced to 137 months of imprisonment and a $5,000 fine. In this timely appeal, Cannon contends that the District Court erred (1) when it denied his motion to suppress, (2) when it failed to dismiss the possession of ammunition count, and (3) when it failed to exclude evidence regarding a firearm found in his possession. We will affirm the judgment of the District Court.

I.

After the suppression hearing, the District Court concluded that the officers stopping Cannon's car and arresting him had a reasonable, articulable suspicion of criminal activity justifying an investigatory *Terry* stop. It based this conclusion on the facts that (1) a confidential informant ("CI") had informed the FBI that Cannon was engaged in the business of selling cocaine and had asked the CI to distribute cocaine for him, (2) the CI, while not shown to have previously supplied information leading to an arrest, was known to and had met in person with Agent Parks so he could be held

accountable for the information supplied, (3) the CI supplied detailed and specific information which was largely corroborated by police surveillance, including information indicating that Cannon at the time of his arrest would be driving with cocaine to meet the CI at an agreed upon location, and (4) the only mistaken information supplied by the CI – the precise model and color of the car Cannon would be driving – did not impair his reliability.

We find no error in the District Court's failure to suppress the drugs found on Cannon and in plain view in his car at the time of his arrest.

## II.

Cannon insists that the charge in Count One of the indictment should have been dismissed because the ammunition may have been transported in interstate commerce prior to the enactment of the applicable statute. However, the District Court correctly found that it was immaterial when the ammunition was transported in interstate commerce so long as it had been so transported prior to Cannon's possession of it. It is undisputed that Cannon's possession of the previously transported ammunition came after the enactment of the applicable statute, and there is no retroactivity problem here.

## III.

Cannon moved *in limine* to exclude evidence that Cannon possessed an operable antique firearm at the time of his arrest . He argued that the admission of such evidence would violate Fed. R. Evid. 403. The District Court did not abuse its discretion in

denying this motion. This evidence was properly admitted because it was highly probative on the issue of whether Cannon was trafficking in drugs and provided the context in which he possessed the prohibited ammunition. *United States v. Picklesimer*, 585 F.2d 1199 (3d Cir. 1978).

IV.

The judgment of the District Court will be affirmed.